In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

Nos. 16-1339 & 16-3216

BILLY CANNON,

*Plaintiff-Appellant*,

*v.*

DEAN NEWPORT, *et al.*,

*Defendants-Appellees*.

———————————

Appeals from the United States District Court for the
Eastern District of Wisconsin.
Nos. 2:15-cv-01397-PP & 2:15-cv-01370-PP — **Pamela Pepper**, *Judge*.

———————————

SUBMITTED FEBRUARY 21, 2017 — DECIDED MARCH 3, 2017

———————————

Before WOOD, *Chief Judge*, and POSNER and HAMILTON, *Circuit Judges*.

POSNER, *Circuit Judge*. Billy Cannon appeals the dismissal of two civil rights complaints, see 42 U.S.C. § 1983, that accuse Milwaukee police, prosecutors, and judges of having

violated his constitutional rights during a series of investigations and prosecutions.

In 2008 a state investigator obtained from a Wisconsin court authorization to intercept calls made to and from a telephone number being used by suspected drug traffickers. That telephone number was not Cannon's, but he says he was intercepted during this wiretap. Then on March 17 of the following year Milwaukee police obtained consent from Cannon's son to search the home where he lived with his father. The police found $14,000 in cash in the home, and arrested Cannon for drug and gun crimes on the basis of a report by a government informant that the informant had purchased cocaine, and borrowed a gun, from Cannon. The day after his arrest the judge set bail for each of the crimes charged at $2,500. Cannon posted the required bail but was not released because the police filed another complaint, charging him with a third crime—giving a gun to an unauthorized person. Wis. Stat. § 941.29(4) (2007). A different judge reviewed that complaint the next day, found probable cause, and set bail at $2,500. Cannon did not post this additional amount.

He appeared in court on March 20, and prosecutors filed an amended criminal complaint covering all three charges, leading to the judge's raising Cannon's bail to $250,000. He eventually made bail, but in August was again arrested, this time for bail jumping after he changed his residence without notifying the police. He was jailed, but released a few days later without being charged.

Cannon was finally tried in 2011, and though acquitted of the drug charge pleaded guilty to illegal possession of the gun (the second gun charge was dismissed) and was sen-

tenced to two years in prison. Just before he'd pleaded guilty, however, a warrant had been issued for his arrest on new gun and drug charges. Two days later a state trooper stopped him for a traffic violation and upon learning his identity arrested him on the outstanding warrant. Four days after that Cannon appeared for a probable cause hearing.

In 2013 Cannon got hold of what he calls "exculpatory" material—copies of police reports and other documents relating to his March 2009 arrest—and on the basis of this documentation filed suit under 42 U.S.C. § 1983 against the police, prosecutors, and judges claiming that his prosecutions in 2009 and 2011 had been the elements of a conspiracy to violate his constitutional rights. That suit was dismissed as premature, because appeals by him in both criminal cases were pending. In 2014 he was convicted of the 2011 drug and gun charges and sentenced to 16 years' imprisonment, a term he is currently serving.

In November 2015 he filed the two suits, both also under 42 U.S.C. § 1983, that have given rise to the appeals before us. In one, which focuses on the events of 2009, he claims that Milwaukee police officers, prosecutors, and judges violated his constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments to the Constitution— that the police had lacked probable cause when they arrested him in March and August 2009, that he had been denied counsel when the first two criminal complaints were reviewed by two different judges before he appeared in court on March 20, 2009, that the $250,000 bail set that day had been excessive, and that the defendants had conspired maliciously to prosecute him. The district court dismissed the complaint as barred by the six-year statute of limitations ap-

plicable to section 1983 claims in Wisconsin. Wis. Stat. § 893.53; *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989).

Cannon tries to sidestep the statute of limitations in three ways. He argues that he was unaware of the violations of his rights until he received the "exculpatory" material; that the defendants' actions from the time of his arrest in March 2009 until they released that material to him in June 2013 constituted a "continuing violation" of his rights, amounting to a "custom and policy" of unconstitutional behavior; and that a plaintiff is not required to address in his complaint affirmative defenses to his claims.

The district judge was correct that Cannon's claim that the police falsely arrested him in violation of the Fourth Amendment is time-barred. A claim to have been arrested in violation of the amendment accrues "at the time of (or termination of) the violation." *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). Cannon was brought before a judge three days after his March 2009 arrest, and his Fourth Amendment claim accrued then because by virtue of the arrest he was now "detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). And since any violation of the Fourth Amendment caused by his August 2009 arrest had ended when he was released on September 3, 2009, without charges being filed, *id.* at 389–90; *Harrington v. City of Nashua*, 610 F.3d 24, 28 (1st Cir. 2010), the latest he could have sued concerning his two arrests were March 20, 2009, and September 3, 2015, respectively.

His attempt to excuse his lateness is unpersuasive. Nothing in the material he attaches to his complaint reveals circumstances of the arrests or of the charging and bail procedures that he wouldn't have known at the time. Nor can he

"use a theory of a continuing civil conspiracy to recover for individual overt acts that would themselves be time-barred." *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016). And when a complaint reveals that the action is untimely, the court can dismiss it. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

His claim that he was denied counsel in violation of the Sixth Amendment when judges reviewed the first two criminal complaints against him has not yet accrued, because his conviction has not been set aside. He is not allowed to seek damages that would impugn a conviction, see *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008), though his claim to have been denied counsel at a critical stage in the litigation will, if vindicated, invalidate his conviction of the gun charge.

His claim of malicious prosecution of the drug charge, a charge eliminated by his acquittal in 2011 and thus accruing in that year, would be litigable as a constitutional claim only if there were no adequate state tort remedy, but Wisconsin law provides such a remedy. *Strid v. Converse*, 331 N.W.2d 350, 353–54 (Wis. 1983); *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013); *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001). And anyway under both state and federal law probable cause is a complete defense to malicious prosecution, see *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015); *Strid v. Converse, supra*, 331 N.W.2d at 354, and the police reports that he appended to his complaint leave no room for doubt that there was probable cause to charge him with the drug offense. See *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006).

His claim that the judge set excessive bail in violation of the Eighth Amendment also fails, because the defendants whom he sued are entitled to immunity, having acted either as lawyers for the state or in a judicial capacity. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Thomas v. City of Peoria*, 580 F.3d 633, 638–39 (7th Cir. 2009); *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005).

Cannon's second complaint, which underlies appeal No. 16-3216, focuses on the 2008 wiretap application and the resulting 2011 arrest. It makes three claims. The first is that Wisconsin's attorney general never authorized the 2008 wiretap application and it was therefore void under both federal and state law. See 18 U.S.C. § 2516(2); Wis. Stat. § 968.28. The district court dismissed that claim because the wiretap order that Cannon appended to his complaint contradicts his allegations by noting the attorney general's prior approval of the application. The second claim is that the state trooper used the traffic violation as a pretext to stop him and execute the outstanding warrant on the 2011 gun and drug charges, which was not in the trooper's physical possession. Moreover, Cannon continues, the warrant must have been doctored because the copies he obtained from the court and a sheriff's department are not identical. The district court rejected the claim because his arrest was pursuant to a valid warrant, the differences between the copies of the warrant being readily explainable. The third claim is that too much time elapsed before his probable cause hearing. The district court rejected the claim because Cannon received a probable cause determination before his arrest and was not entitled to another determination after his arrest.

On appeal Cannon insists that his second complaint states a Fourth Amendment claim by virtue of his allegation that Wisconsin's attorney general did not authorize investigators to wiretap the telephone calls of Cannon's associate. Yet the order he calls defective cites the prior approval of the attorney general.

He further argues that his second complaint states a Fourth Amendment claim arising from his 2011 arrest because, he insists, the state trooper did not have a copy of the warrant, which anyway was formatted incorrectly and may even, he says, have been doctored. But the trooper didn't have to possess the warrant for the arrest to be valid. See *Utah v. Strieff*, 136 S. Ct. 2056, 2060, 2062–63 (2016); *United States v. Hensley*, 469 U.S. 221, 232 (1985); *United States v. Patrick*, 842 F.3d 540, 542 (7th Cir. 2016); *Atkins v. City of Chicago*, 631 F.3d 823, 826–27 (7th Cir. 2011). Nor is there any reason to believe that the warrant was doctored. One copy was faxed to the sheriff's office before Cannon's arrest; the other, which was filled out post-arrest, noted that the warrant had been executed by the trooper arresting him.

Last, Cannon contends that his second complaint pleads a Fourth Amendment violation because he was in jail for four days before being brought before a judge. But the judge who issued the warrant had found probable cause *before* Cannon was arrested; he was not entitled to another judicial determination. See *Baker v. McCollan*, 443 U.S. 137, 142–43 (1979); cf. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1068 (7th Cir. 2012). Anyway he later received credit against his sentence for those four days.

Because all his claims are barred, he has incurred four strikes under the Prison Litigation Reform Act, 28 U.S.C.

§ 1915(g), one for each complaint and one for each appeal. He therefore is no longer permitted to file a civil action or appeal in any federal court without prepaying all fees, unless he is in imminent danger of serious injury.

AFFIRMED.