In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2073

WILLIAM WHEELER and JOYCE THOMAS,

*Plaintiffs-Appellants*,

*v.*

WILLIAM HRONOPOULOS, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:14-cv-03380 — **Manish S. Shah**, *Judge*.

ARGUED MARCH 30, 2018 — DECIDED JUNE 6, 2018

Before EASTERBROOK and ROVNER, *Circuit Judges*, and
GILBERT, *District Judge*.[*]

GILBERT, *District Judge*. This is a hornbook example of
how to waive an argument on appeal. One day, a confidential informant told Officer William Hronopoulos that William Wheeler had some guns in his Chicago apartment. This
informant had previously given information that led to suc-

---

[*] Of the Southern District of Illinois, sitting by designation.

cessful search warrants, so when Officer Hronopoulos received the information about Wheeler, he (1) drove the informant by Wheeler's apartment to confirm the address; (2) worked with the Cook County State's Attorney to obtain a search warrant for the premises; and (3) brought the informant before a judge to testify about the information in the warrant applications. The judge issued two search warrants: one for each floor of the apartment. Later that night, the police executed the warrants and found guns, ammunition, and some heroin.

Wheeler faced several criminal charges relating to the contraband, but a jury acquitted him because the evidence did not prove beyond a reasonable doubt that the contraband was his. So Wheeler and his wife—Joyce Thomas—turned around and filed a lawsuit against both the city and the officers involved in the arrest. Only two of their claims survived until the summary judgment stage: (1) a Fourth Amendment claim for an unlawful search and arrest pursuant to 42 U.S.C. § 1983; and (2) a state-law claim for malicious prosecution.

When the defendants moved for summary judgment and pointed out that there were no genuine disputes over any material facts, Wheeler and Thomas brought a bizarre argument in response: they claimed that the search warrant was defective because the confidential informant's tip was hearsay. The district court correctly rejected that argument because the defendants were not offering the informant's tip into evidence to prove the truth of the matter it asserted, so the tip was not hearsay material. *See Illinois v. Gates*, 462 U.S. 213, 244–45 (1983). Ultimately, the district court granted summary judgment in favor of the defendants because there

was probable cause for the search, arrest, and prosecution via the informant's tip.

Wheeler and Thomas brought this appeal, but they make an irrational argument: they now say that there is a disputed fact as to whether the confidential informant existed or gave the tip at all, so (1) both the seizure of the contraband and the arrest were the fruits of an illegal search; and (2) there was accordingly no probable cause for Wheeler's prosecution. Although we review a district court's decision to grant summary judgment *de novo* and summary judgment is not appropriate if there are any genuine disputes as to any material facts, *Valenti v. Lawson*, 889 F.3d 427, 428 (7th Cir. 2018) (citing *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018)) (further internal citations omitted), parties cannot conjure up brand new legal theories on appeal like this. Failing to bring an argument to the district court means that you waive that argument on appeal. *United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016) (internal citation omitted); *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). And this case presents an egregious violation of that rule: not only did Wheeler and Thomas fail to argue below that the confidential informant did not exist, they tacitly admitted that the informant existed by arguing that his statements were hearsay.

Wheeler also argues that the district court erred by not addressing their supposed *Brady* claim: whether the officers' failure to procure any fingerprint evidence—even though Wheeler never requested that evidence during his criminal proceedings—violated Wheeler's due process rights. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97, 10 L. Ed. 2d 215 (1963); *see also Saunders-El v. Rohde*, 778 F.3d 556, 561–62

(7th Cir. 2015) (explaining the elements of a *Brady* claim). But Wheeler waived this argument too because the amended complaint did not allege a *Brady* claim. The amended complaint did mention a lack of fingerprint evidence, but only in the sense that it (somehow) showed a lack of probable cause for Wheeler's arrest and prosecution. And even if the district court did miss a tangible *Brady* claim—which it did not—Wheeler and Thomas certainly never brought that to the court's attention. So that argument is also waived. *Poullard v. McDonald*, 829 F.3d 844, 855 (7th Cir. 2016) (internal citation omitted).

Rules exist for a reason. Rules are especially important for practicing attorneys. And rules on how to bring an appeal are critical to the proper functioning of our judiciary: a case must be fully fleshed out at the district court level before an appellate court can accurately review that case. Wheeler and Thomas are no exception to that rule, so we must ratify the judgment of the district court.

AFFIRMED