NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 22, 2018[*]
Decided June 25, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2701

| | |
|---|---|
| RICHARD HOEFT, | Appeal from the United States |
|     *Plaintiff-Appellant*, | District Court for the Western District of Wisconsin. |
| | |
|     *v.* | |
| | No. 17-cv-489-bbc |
| BRUCE JOANIS, et al., | |
|     *Defendants-Appellees*. | Barbara B. Crabb, |
| | *Judge*. |

**O R D E R**

    Richard Hoeft alleges that 15 years ago two police officers violated his rights under the Fourth and Fifth Amendments when they held, interrogated, and threatened him until he falsely confessed to burglaries. He later pleaded no contest to the burglary

---

    [*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

charges and served his state sentence. Upon his release in 2015, he sued the officers. After screening his complaint, *see* 28 U.S.C. § 1915A, the district court dismissed it as untimely. On appeal Hoeft contends that he timely sued because *Heck v. Humphrey*, 512 U.S. 477 (1994), barred his suit until his release. *Heck* bars a damages suit only if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. Fifteen years ago Hoeft had "a complete and present cause of action," *Wallace v. Kato*, 549 U.S. 384, 388 (2007), for unlawful police conduct because that claim, if successful, would not have invalidated his pleas. We thus affirm.

We recount the allegations in Hoeft's complaint, and accept them as true for purposes of this appeal. *See Doermer v. Callen*, 847 F.3d 522, 526 (7th Cir. 2017). The interrogation occurred in July 2003, after two detectives visited Hoeft in county jail and asked him about several burglaries of cabins. Hoeft denied knowledge of the burglaries but agreed to show the detectives the location of a chainsaw that he had seen in the woods near the cabins. After the detectives drove Hoeft to a remote location, they questioned him for over 12 hours. Throughout the interrogation Hoeft was confined in a hot car without food, water, or access to a restroom. Eventually, one officer allegedly threatened to shoot Hoeft if he did not sign a statement confessing to the burglaries. After Hoeft signed the statement, he was charged with the burglaries.

Later in state court, Hoeft moved to suppress his confession on the theory that it was coerced. The court denied Hoeft's motion, and he eventually pleaded no contest to three counts of burglary. Hoeft challenged the denial of his motion to suppress on direct appeal, *State v. Hoeft*, 730 N.W.2d 461 (Wis. Ct. App. 2007), and on collateral review, *Hoeft v. Clark*, No. 3:08-cv-00537-slc (W.D. Wis. May 14, 2009), to no avail.

While Hoeft was still in custody for his burglary convictions, he turned to federal court to contest the legality of the police conduct that preceded his pleas of no contest. He filed at least three lawsuits under 42 U.S.C. § 1983, seeking to hold the two detectives civilly liable for violating his rights during the interrogation. *See Hoeft v. Joanis*, No. 09-cv-120-bbc, 2009 WL 1505589 (W.D. Wis. May 27, 2009), *appeal dismissed*, No. 09-2419 (7th Cir. Sept. 2, 2009); *Hoeft v. Joanis*, No. 09-cv-119-bbc, 2009 WL 1230012 (W.D. Wis. April 30, 2009), *appeal dismissed*, No. 09-2416 (7th Cir. Sept. 2, 2009); *Hoeft v. Janis*, No. 09-cv-42-bbc, 2009 WL 1247131 (W.D. Wis. Apr. 30, 2009). The district court dismissed each of these suits at screening, reasoning that *Heck* barred them because "[a] decision that the interrogation was unconstitutional … would imply the invalidity of petitioner's conviction." *Hoeft v. Joanis*, No. 09-cv-119-bbc, 2009 WL 1230012, at *2. Hoeft did not agree with that reasoning—he appealed two of these decisions. But we

dismissed them because he failed to pay the required docketing fee for appellate review. *See* CIR. R. 3(b).

Fifteen years after the interrogation, Hoeft again sued the two detectives. His complaint mirrored the previously rejected complaints, except that Hoeft alleged that he had now completed his sentence in July 2015. His suit was timely, he explained, because *Heck* barred his suit while—and only while—he was in state custody. This time the judge (the same one as in the earlier suits) ruled that, for the most part, Hoeft sued too late. She divided his claims into two categories. For his claims based on "false arrest, false imprisonment, excessive force[,] and food and water deprivation," Hoeft could have pursued damages without undermining the validity of his burglary convictions; therefore those claims were barred by the applicable six-year statute of limitations, *see Cannon v. Newport*, 850 F.3d 303, 305–06 (7th Cir. 2017). On Hoeft's claim that he was coerced into signing a confession, the court ruled that it was still barred by *Heck* because Hoeft's conviction had not been overturned.

On appeal Hoeft renews his argument that *Heck* spares his entire suit from untimeliness because *Heck* blocked the action until his recent release from all forms of state custody in 2015. He is correct that *Heck* does not now block his suit. The Supreme Court has not addressed whether *Heck* applies to plaintiffs who sue for wrongful convictions after they have been released from custody, when they may no longer obtain collateral relief. *See Muhammad v. Close*, 540 U.S. 749, 752 n.2, (2004); *Whitfield v. Howard*, 852 F.3d 656, 662 (7th Cir. 2017). But we have ruled that *Heck* does not apply when an out-of-custody plaintiff sought collateral review before release from prison, as Hoeft did. *See Sanchez v. City of Chicago*, 880 F.3d 349, 356 (7th Cir. 2018) (citing *Whitfield*, 852 F.3d at 664); *Burd v. Sessler*, 702 F.3d 429, 436 (7th Cir. 2012) (*Heck* barred suit by former inmate who "could have pursued collateral relief but failed to do so in a timely manner.").

But *Heck never* blocked any of Hoeft's claims, and therefore *Heck* does not rescue his suit from untimeliness. As the district court correctly observed, *Heck* never had any bearing on Hoeft's ability to sue for an unreasonable arrest, excessive force, or other rough treatment that preceded his no-contest plea because those claims, if successful, would not undermine his convictions. *See Wallace*, 549 U.S. at 391; *Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015). Even Hoeft's coerced-confession claim, if successful, is not incompatible with his convictions. Those convictions rest on Hoeft's plea of no contest, not on the creation or inadmissibility of any particular evidence, and Hoeft does not contend that his plea of no contest was involuntary. *See Mordi v. Zeigler*,

870 F.3d 703, 707–08 (7th Cir. 2017); *Hill*, 785 F.3d at 250 (Easterbrook, J., concurring). Because all of Hoeft's claims accrued in 2003, they are all untimely.

We close with an observation. We are mindful that the same judge told Hoeft that he sued both too early and too late. In a similar context, we have recognized the harshness of a judge telling a litigant that "no suit, whenever filed, is permissible." *Wilson v. Illinois Dep't of Fin. & Prof'l Regulation*, 871 F.3d 509, 512 (7th Cir. 2017). But two factors mitigate the apparent harshness here. First, if Hoeft believed that the district judge applied *Heck* too broadly in his prior cases—as he apparently did because he appealed their dismissals—he should have pursued the appeals rather than abandon them. Second, Hoeft litigated his coerced-confession claim in the context of his motion to suppress. He lost, and he would thus face a defense of issue preclusion. *See Sanchez*, 880 F.3d at 356–58; *Mrozek v. Intra Fin. Corp.*, 699 N.W.2d 54, 61–62 (Wis. 2005) (explaining Wisconsin law of issue preclusion).

AFFIRMED