**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 30, 2018[*]
Decided August 2, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1587

| | |
|---|---|
| CARL REYNOLDS, | Appeal from the United States |
|  *Plaintiff-Appellant,* | District Court for the Northern District |
| | of Illinois, Eastern Division. |
|  *v.* | |
| | No. 17 C 8809 |
| VILLAGE OF EVERGREEN PARK, | |
|  *Defendant-Appellee.* | Joan B. Gottschall, |
| | *Judge.* |

**O R D E R**

Carl Reynolds sued the Village of Evergreen Park, Illinois, under 42 U.S.C. § 1983 almost five years after a Village police officer arrested him, allegedly without probable cause. The district judge observed that Reynolds's lawsuit was barred by the two-year statute of limitations. She twice invited him to explain if the statute of limitations should be tolled. Reynolds never gave any reason to excuse his untimeliness,

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. See FED. R. APP. P. 34(a)(2)(A).

and the judge dismissed the suit. The judge's reasoning is sound, and so we affirm the judgment.

Reynolds filed suit in December 2017. His allegations have remained largely the same across his three complaints, and we briefly recount the assertions in the latest version. A Village police officer arrested him on June 23, 2013, for driving on a suspended license. He alleges that the officer lacked probable cause for the arrest and search of his car because his driving privileges had been restored. Reynolds also maintains that, during the arrest, the officer used undue force: he grabbed Reynolds by his arms and put him on the fiberglass floor of the police car, producing "extreme pain" and later causing several medical conditions, including a brain aneurysm.

The district judge screened Reynolds's first complaint, see 28 U.S.C. § 1915(e)(2), and saw the timeliness problem. She observed that his section 1983 claims accrued at the time of his arrest in June 2013, see *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and that Illinois's two-year statute of limitations for personal-injury claims governed, see 735 ILCS 5/13-202, so Reynolds's suit was untimely because he filed it more than two years after his arrest. Nonetheless, the judge gave him a chance to amend and to tell her of "any reason he believes he is entitled to tolling of the statute of limitations." Reynolds's first amended complaint did not provide an explanation for the late filing. The judge again said that she thought the action was time-barred and gave him a "final opportunity to tell the court any reason why this case should not be dismissed." Although Reynolds again amended his complaint, he still did not supply any reason to excuse or explain his untimeliness. The judge therefore dismissed the suit.

On appeal Reynolds challenges the dismissal on only one ground—that the judge applied the incorrect statute of limitations to his claims. He relies on a law-review article from 1986 (attached to his notice of appeal), which references *Shorters v. City of Chicago*, 617 F. Supp. 661 (N.D. Ill. 1985). In *Shorters*, the district judge decided that Illinois's five-year statute of limitations for "all civil actions not otherwise provided for," 735 ILCS 5/13-205, applied to section 1983 claims, instead of the state's two-year statute of limitations for personal-injury claims, 735 ILCS 5/13-202. See 617 F. Supp. at 666. Reynolds argues that, just as in *Shorters*, the five-year statute of limitations governs his section 1983 claims.

Because Reynolds never made this argument to the district court—despite having two chances to do so—we may not review it now. See *Wheeler v. Hronopoulos*, 891 F.3d 1072, 1073 (7th Cir. 2018). But even if we could, we would conclude that it is

frivolous. Although the issue in *Shorters* was seemingly unresolved decades ago, it is now well settled that section 1983 claims arising in Illinois are subject to its two-year limitations period for personal-injury claims. See *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998) (abrogating *Shorters*).

The district court properly invoked the two-year statute and dismissed Reynolds's lawsuit (filed in 2017) because its untimeliness was apparent from the face of the complaint (suing over events in 2013). "[W]hen a complaint reveals that the action is untimely, the court can dismiss it." *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 320 (2017); see also *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008). Given the apparent untimeliness of the suit, the district court permissibly ordered Reynolds to supply a reason to keep it alive. By not adequately responding to that order, Reynolds gave the court further reason to dismiss the suit. See *Chapman v. Yellowcab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017). We therefore AFFIRM the judgment.