**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 23, 2019[*]
Decided April 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-3336

| | |
|---|---|
| KATHLEEN BETTS, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 2709 |
| UNITED AIRLINES, INC., *Defendant-Appellee*. | Thomas M. Durkin, *Judge*. |

**O R D E R**

Kathleen Betts was fired from her job as a pilot after twice failing alcohol tests administered by her employer, Continental Airlines. After unsuccessfully challenging her discharge in arbitration proceedings, she sued under the Railway Labor Act, 45 U.S.C. § 153 First (q), seeking to vacate the arbitration award. We agree with the district court that she has presented no valid reason to disturb the award, so we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Continental Airlines regularly administered "no notice" alcohol tests to its pilots. In 2008, Betts failed one. As a result, she and Continental entered into a "Last Chance Agreement," which required Betts to complete successfully a rehabilitation course and to abstain from drinking for the "remainder of her career" with Continental. The Agreement specified that she would be discharged for cause if she violated these terms. After Betts failed an alcohol test at her treatment facility, Continental fired her.

Betts sought review of the discharge through arbitration before the System Board of Adjustment, as provided in her collective-bargaining agreement. Her case remained pending for several years. Finally, in 2016, the Board issued an award upholding Betts's discharge on the basis that she violated the Last Chance Agreement.

Betts then sued United (which had merged with Continental) under the Railway Labor Act. With the aid of counsel, she argued that the Board exceeded its jurisdiction because the award did not "draw its essence" from the Last Chance Agreement and the award was "based on evidence gained in violation of public policy." The district court entered summary judgment for United, ruling that the Board did not exceed its jurisdiction because its decision was based on its interpretation of the Last Chance Agreement. The court added that no Seventh Circuit case has ruled that "public policy" is a ground for disturbing an arbitral award, and in any case public policy favored upholding the award.

Betts, now pro se, seeks review of the district court's decision. Although her arguments mainly focus on events that occurred after arbitration, we construe her appeal as challenging the award. In reviewing a challenge to an arbitration award under the Railway Labor Act, 45 U.S.C. § 153, we apply "one of the most deferential standards of judicial review in all of federal law." *Bhd. of Locomotive Eng'rs & Trainmen, Gen. Comm. of Adjustment, Cent. Conference v. Union Pac. R.R. Co.*, 719 F.3d 801, 803 (7th Cir. 2013). We will disturb an award only for failure "to comply with the requirements of this [Act], for failure of the order to conform, or confine itself, to matters within the scope of the [Board's] jurisdiction, or for fraud or corruption by a member of the [Board]." 45 U.S.C. § 153 First (q). None of these grounds exists here.

Betts presented no evidence that the Board committed fraud. In her appellate brief, she speculates that, after the Board issued the arbitration award, one of the arbitrators sabotaged her position in a doctoral program in which she was enrolled. This argument goes nowhere. Not only is it forfeited because Betts did not raise it with

the district court, *Wheeler v. Hronopoulos*, 891 F.3d 1072, 1073 (7th Cir. 2018), but it is also unrelated to the arbitral proceedings or the award itself.

Nor did Betts raise any basis for challenging the award on grounds that the Board did not comply with the Act or exceeded its arbitral jurisdiction. In opposing summary judgment, Betts argued only that the Board misconstrued the requirement in the Last Chance Agreement that she abstain from alcohol for "the remainder of her career" at Continental. She observed that the Board applied this requirement to the period when she received rehabilitation treatment, and in her view the requirement applied only while she was working. But as we have said before, the question is not *how* the arbitrator should have interpreted the agreement, but rather *whether* the arbitrator interpreted the agreement. *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region v. Union Pac. R.R. Co.*, 522 F.3d 746, 757 (7th Cir. 2008) (citing *Hill v. Norfolk & W. Ry.*, 814 F.2d 1192, 1195 (7th Cir. 1987)). An alleged misinterpretation is still an interpretation. *Id.* Thus, Betts's argument is insufficient to overturn the arbitral award.

Finally, Betts reprises her contention that the arbitration award violates public policy. As the district court correctly noted, we have never opined whether an arbitral award can be contested on public policy grounds. We need not do so today, either. In her brief, Betts disowns the policy argument that she raised in the district court and advances a new one. She argues that the public policy issue that the district court should have considered "concerned domestic abuse and domestic violence." But, like her contention about fraud, Betts forfeited this argument by not presenting it to the district court. *See Hronopoulos*, 891 F.3d at 1073. In any event, this argument is about events outside of the arbitration forum; therefore, it is not an argument that the arbitrator's award itself violated public policy.

AFFIRMED