NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 7, 2020[*]
Decided August 14, 2020

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2995

| | |
|---|---|
| SHANNON LEWANDOWSKI, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:16-cv-01089-WED |
| CITY OF MILWAUKEE, *Defendant-Appellee*. | William E. Duffin, *Magistrate Judge*. |

**O R D E R**

Plaintiff Shannon Lewandowski, a former Milwaukee police officer, alleged that the Milwaukee Police Department violated Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of sex and retaliating against her for opposing sex discrimination. The district court granted summary judgment for the City of Milwaukee. We affirm. Our decision should not be interpreted as saying that the City has definitively shown that no discrimination or retaliation occurred. Rather,

---

[*] This court granted the parties' joint motion to waive oral argument. The case is therefore submitted on the briefs.

Lewandowski's litigating tactics have failed to engage with the district court's reasoning, and she has failed to show a reversible error on any issue she presented fairly to the district court.

I.       *Factual and Procedural Background*

         A.       *Facts on Summary Judgment*

Our review of a summary judgment is de novo, construing all facts in favor of the nonmovant (here, Lewandowski). *Joll v. Valparaiso Community Schools*, 953 F.3d 923, 928 (7th Cir. 2020). Lewandowski was a Milwaukee police officer for seventeen years, eventually rising to the rank of detective before she was fired in 2015. She says that she encountered resistance from male officers throughout her career, who assigned her to "undesirable tasks" and called her names like "pitbull" and "black cloud."

The particular issues that gave rise to this suit began in the fall of 2014. Another female officer, a friend of Lewandowski's, had been in a romantic relationship with a male officer. Lewandowski's friend shared that things had gone badly wrong when she tried to end the relationship. The male officer had stalked her, made death threats, and raped her with his service gun close by. Lewandowski and her friend reported these incidents to their respective supervisors. However, neither supervisor wanted to intervene after learning that the male officer was someone prominent in the department. Lewandowski ultimately helped her friend obtain a temporary restraining order. Lewandowski says that her help and support for her friend made higher-ups in the department angry, and they started looking for opportunities to retaliate.

In January 2015, Lewandowski was in a car accident while on duty. This accident began the chain of events that ultimately led to her termination. On her way to investigate a reported shooting, Lewandowski took a detour. Lewandowski says that she went to another police station to help her friend deal with ongoing fallout from her abusive relationship, and then was on her way to handle the shooting. The City says that after leaving her friend's station, Lewandowski next went to try to get her college-age son out of a traffic stop, and that she told investigators so in the original statement she gave them. Lewandowski characterizes this story as a lie told to discredit her. She also argues that any statements she gave at the scene should be discounted as the product of a head injury she suffered in the collision.

Following the accident, the Milwaukee Police Department opened an investigation into Lewandowski, alleging misconduct in public office as to the

possibility that Lewandowski had not been on official department business when the accident occurred. The investigation later expanded to examine whether Lewandowski had lied about what she was doing at the time. In December 2015, then-Chief Edward Flynn found Lewandowski guilty of three violations. He suspended her for a total of 35 days for misconduct and safety violations and fired her for lying.

Lewandowski argues, though, that retaliation began long before her discharge. For example, she says that she was transferred off her preferred shift in December 2014, received constant threats from Captain Mike Sgrignuoli that her career was in jeopardy, was forbidden from taking the lieutenant exam, and was forced to testify in her cases without pay while on medical leave in early 2015, and that the Department intentionally dragged out the investigation into her accident far longer than necessary to force her to remain on unpaid leave. In Lewandowski's account, her December 2015 discharge was merely the last in a string of retaliatory and discriminatory actions that supervisors in the Department had begun at least a year and a half earlier.

## B.    *Procedural History and Jurisdiction*

After her discharge, Lewandowski appealed Chief Flynn's decision to the Milwaukee Fire and Police Commission. In August 2016, the Commission held a hearing and issued a written decision sustaining Chief Flynn's disciplinary decisions, including the discharge. While the departmental investigation was pending, Lewandowski filed a charge with the Equal Employment Opportunity Commission on September 10, 2015; she received a right-to-sue letter on May 16, 2016. Lewandowski filed this action in federal district court on August 15, 2016. Both parties consented to magistrate judge jurisdiction on September 15, 2016. After discovery, the City moved for summary judgment. The district court granted that motion, and Lewandowski has appealed.

## II.    *Key Arguments Waived*

On appeal, Lewandowski argues that the district court mishandled the question of whether res judicata or collateral estoppel applied to the Fire and Police Commission decision; failed to follow the Eastern District of Wisconsin Local Rules on summary judgment and therefore applied the wrong legal standard to her sex discrimination and retaliation claims; and reiterates her Fourteenth Amendment arguments. We disagree with her characterization of the district court's decision and find that Lewandowski's tactical choices in the district court preclude her major appellate arguments.

The district court began by addressing issue preclusion briefly. The City had argued before the district court that the doctrine of issue preclusion covered all the issues in the case because the Fire and Police Commission decided several key factual issues against Lewandowski. The City also argued that claim preclusion barred Lewandowski's constitutional claims. The district court declined to decide these issues at all because it found that Lewandowski's case failed on the merits. Lewandowski's detailed arguments on appeal as to res judicata and collateral estoppel are beside the point. These arguments might have become relevant for a reply brief if the City had argued in the appellee's brief that issue preclusion provided an alternative ground for affirmance, but that did not happen.

On the merits of the sex discrimination claim, the district court recognized that Lewandowski had tried to prove her claim under the *McDonnell Douglas Corp. v. Green* burden-shifting framework for circumstantial proof. 411 U.S. 792, 802 (1973). The court applied our reasoning from *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016), saying: "If the plaintiff presents evidence from which a reasonable finder of fact could conclude that the plaintiff's sex caused the discharge or discipline, the court must deny the defendant's motion for summary judgment." The court recognized that Lewandowski as a female is a member of a protected class and that she suffered an adverse employment action. But it found that Lewandowski failed to establish a prima facie case of discrimination because she had not shown that a similarly situated male employee had been treated more favorably.

Most critically, the district court observed: "Lewandowski's brief does not contain any material discussion of similarly situated employees," and that it only stated that "Male employees who committed worse offenses than Plaintiff were not terminated." The district court examined Lewandowski's supporting declarations closely but did not find any admissible evidence regarding comparators. Critical information came from news stories or things Lewandowski had heard from other officers. The court pointed out correctly that it could not consider inadmissible hearsay, over proper objections, in deciding summary judgment. It also noted that Lewandowski had failed to include information needed to determine whether various named individuals were indeed proper comparators, such as dates of employment, rank, supervisor, and details as to their misconduct.

Lewandowski's showing as to her retaliation claim fared no better. The district court began by recognizing the proper legal standard for evaluating a retaliation claim, observing that a prima facie retaliation case can be made via either the "direct" or "indirect" method. See *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 885 (7th Cir. 2018). The

court noted: "Lewandowski does not articulate under which method she is proceeding" and went ahead to analyze her arguments under both methods. The court again found that Lewandowski had not raised any genuine issues of material fact on her retaliation claim.

Again, the critical problem for the district court was that plaintiff's brief opposing summary judgment did not provide details of any protected complaints, which can be especially important in cases like this where an employee has had numerous disputes with her employer. A retaliation claim requires identification of complaints or other protected activity that rely on the relevant statute or that address discrimination prohibited by law. Title VII does not protect every complaint by a woman to management. It protects only those complaints or other protected activity raising claims of sex discrimination, for example. Nevertheless, in an apparent effort to be as fair as possible to Lewandowski, the district court walked through everything else that might support her argument, such as her Fire and Police Commission complaint, the comparators she offered in support of her sex discrimination claim, and so forth, but found nothing supported by admissible evidence that raised a genuine issue of material fact.

Lewandowski's constitutional equal protection arguments suffered from the same problems. Though she asserted them, she did not develop them separately, saying only that, "As both the Title VII sex discrimination and 42 U.S.C. § 1983 equal protection claim based on sex require the same evidence, these claims are analyzed together below." And she neither named an individual defendant, raised any kind of *Monell* argument, nor identified any comparators. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); see also *Daniel v. Cook County*, 833 F.3d 728, 734 (7th Cir. 2016).

Near the end of its analysis of the retaliation claim, the court emphasized: "It is the plaintiff's obligation to articulate how the evidence supports the elements of her claim. Offering a conclusion and then citing to a string of proposed findings of fact is not enough." This comment summarizes why Lewandowski has not preserved her sex discrimination, retaliation, and constitutional arguments for our review. As we have recently observed: "Generally, failing to bring an argument to the district court means that you waive that argument on appeal." *Soo Line Railroad Co. v. Consolidated Rail Corp.*, 965 F.3d 596 (7th Cir. 2020), citing *Wheeler v. Hronopoulos*, 891 F.3d 1072, 1073 (7th Cir. 2018) (quotations omitted). Though we do not require the argument to be "present in all its particulars" and parties may develop arguments more fully on appeal, the critical point is that "a conclusory argument that amounts to little more than an assertion does

not preserve a question for our review." *Id.*, citing *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 761 (7th Cir. 2015), and *Betco Corp. v. Peacock*, 876 F.3d 306, 309 (7th Cir. 2017).

We agree with the district court that Lewandowski's arguments before the district court were conclusory. On appeal she does not recognize and address the possibility of waiver or meaningfully engage with the district court's reasoning. She focused her brief instead on a mistaken interpretation of the Eastern District of Wisconsin's Local Rules under which she argued that the City had failed to respond properly in the district court to her opposition to its motion for summary judgment. See *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 690 (7th Cir. 2018) ("The purpose of an appeal is to evaluate the reasoning and result reached by the district court."). Her brief on appeal faults the City for having failed to dispute her assertions of fact opposing summary judgment. But the summary judgment standard makes it pointless to dispute the non-moving party's assertions of fact, other than by arguing they are not actually supported by admissible evidence.

We are not holding that no sex discrimination or retaliation has occurred within the Milwaukee Police Department. Rather, our application of principles of waiver here emphasizes that the plaintiff bears the burden of proof. A district court is entitled to expect a party moving for or opposing summary judgment to lay out her arguments and the supporting, admissible evidence in sufficient detail that the court is not forced to construct the arguments itself.

The judgment of the district court is AFFIRMED.