NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2022[*]
Decided September 6, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2535

| | |
|---|---|
| DANIEL A. SCHILLINGER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 20-cv-679-wmc |
| JOSH KILEY, et al., *Defendants-Appellees*. | William M. Conley, *Judge*. |

## O R D E R

Daniel Schillinger, a Wisconsin inmate, sued guards at his former prison for failing to protect him from another inmate who brutally attacked him. The district court dismissed his case for failure to exhaust administrative remedies, and we affirmed. He then initiated this new lawsuit, which repeats the same allegations. The district court

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

dismissed the complaint at screening, and we affirm because the decision on exhaustion precludes further litigation.

In September 2015, Schillinger alerted guards that another inmate was planning to assault him. Sure enough, that inmate attacked and badly injured him a short time later. Schillinger submitted a grievance complaining that it took too long for guards to respond to the attack and completed an internal appeal after it was denied. He then sued several guards for failing to prevent the assault after he reported the threat. The district court entered summary judgment for the defendants after concluding that Schillinger's grievance about the response to the attack was insufficient to exhaust his failure-to-protect claim; we agreed and affirmed. *Schillinger v. Kiley*, No. 16-cv-529-wmc, 2018 WL 1973151 (W.D. Wis. Apr. 26, 2018), *aff'd*, 954 F.3d 990 (7th Cir. 2020).

Months later, Schillinger filed a new complaint about the failure to protect him from the attack. The same district judge *sua sponte* ordered that he would dismiss the case as frivolous unless Schillinger could "submit a sworn declaration or documentation showing that he: (1) timely filed an administrative grievance concerning the September 17, 2015 incident … and (2) fully exhausted his administrative remedies with respect to that grievance." Schillinger submitted the same grievance from his previous case and a declaration arguing that it satisfied the exhaustion requirement.

After reviewing the submission, the district court dismissed the complaint. *See* 28 U.S.C. § 1915A(a). Having previously determined that the grievance did not pertain to a failure-to-protect claim, the court concluded the affirmative defense of failure to exhaust was so plain as to make the complaint frivolous. The court ended by remarking that the dismissal would not come with a strike under 28 U.S.C. § 1915(g), but future attempts to relitigate the 2015 altercation would. The court also denied Schillinger's motion to reconsider the ruling.

On appeal, Schillinger reasserts that his only grievance about the attack exhausted his failure-to-protect claim. We review a dismissal under § 1915A(b)(1) de novo. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous. *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002).

We agree with the district court that the prior decision on exhaustion is dispositive. Though the court concluded that the failure to exhaust was evident from

the pleadings, we would characterize the defense as issue preclusion. Schillinger cannot relitigate exhaustion because the same issue was raised against him in the prior case, it was actually litigated, and its resolution was essential to the final judgment. *See Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). Schillinger already lost the argument that he properly exhausted his claim and is barred from relitigating it.

We note that the district court specified that this dismissal would not count as a strike against Schillinger. But under § 1915(g), a litigant incurs a strike when, while incarcerated, he brings a federal suit that is dismissed because it is frivolous (which is how the court characterized Schillinger's suit). Whether a dismissal counts as a strike is up to a later tribunal, if called upon to determine if three strikes have accumulated. *Hill v. Madison Cnty.*, 983 F.3d 904, 906 (7th Cir. 2020). Generally, a dismissal of a complaint under § 1915A(b)(1) because of an affirmative defense and a meritless appeal of the dismissal result in strikes. *See Cannon v. Newport*, 850 F.3d 303, 305–08 (7th Cir. 2017).

Finally, although Schillinger apparently had a good-faith misunderstanding about the dismissal of his previous case "without prejudice," we repeat the district court's warning: Further attempts to litigate the 2015 attack in federal court may result in additional strikes.

AFFIRMED