185 F.3d 815 (7th Cir. 1999)
 Anthony DeSilva, Albert DeSilva, Anthony J. LoBue, and Thomas Kulekowskis, Petitioners-Appellants,
v.
Joseph G. DiLeonardi, United States Marshal for the Northern District of Illinois, Respondent-Appellee.
 Nos. 99-1754, 99-1769
 United States Court of Appeals, Seventh Circuit
 Decided July 21, 1999
 
 Before Coffey, Easterbrook, and Rovner, Circuit Judges.
 On Order to Show Cause
 Per Curiam.
 
 
 1
 Our opinion in this case directed appellants' counsel to show cause why they should not be sanctioned for filing a brief that exceeded the type-volume limit. Counsel's attempt to incorporate some other document by reference led us to check whether this had been done in order to dodge the limit. Here's what we found: "The certificate under Fed. R. App. P. 32(a)(7)(C) represents that the brief contains 13,824 words, only 176 short of the maximum. Our check reveals that the certificate is false. The brief actually includes 15,056 words, substantially over the maximum. Appellants counted only the words in the text of the brief, although Rule 32 provides that '[h]eadings, footnotes, and quotations count toward the word and line limitations.' Fed. R. App. P. 32(a)(7)(B)(iii). Appellants' brief has 20 footnotes with a total of 1,232 words."
 
 
 2
 Appellants' brief was prepared with Microsoft Word 97, and an unfortunate interaction occurred between that software and the terms of Rule 32. All recent versions of Microsoft Word (Word 97 for Windows, Word 98 for Macintosh, and Word 2000 for Windows), and some older versions that we have tested, count words and characters in both text and footnotes when the cursor is placed anywhere in the document and no text is selected. In recent versions on both Windows and Macintosh platforms, choosing the Word Count function brings up a window listing the number of characters and words in the document. A checkbox at the bottom of the window reading "Include footnotes and endnotes," when selected, yields a word count for all text and notes. But if the user selects any text in the document this checkbox is dimmed, and the program counts only the characters and words in the selected text. Microsoft Word does not offer a way to count words in those footnotes attached to the selected text.
 
 
 3
 This complicates implementation of Fed. R. App. 32(a)(7), which limits the allowable length of a brief to 14,000 words, and of a reply brief to 7,000 words. Under Rule 32(a)(7) (B)(iii), footnotes count toward this limit, but the "corporate disclosure statement, table of contents, table of citations, statement with respect to oral argument, any addendum containing statutes, rules or regulations, and any certificates of counsel do not count toward the limitation." To determine the number of words that are included in the limit, counsel selects the "countable" body portions of the brief--which causes Microsoft Word to ignore countable footnotes. Counsel who do not notice that the count-footnotes box has been dimmed out may unintentionally file a false certificate and a brief that exceeds the word limits. That's what happened to appellants' lawyers. Older versions of Word have separate columns for text and footnote counts (plus a summation column), giving a visible cue that footnotes were not being counted when text had been selected, but current versions give only a consolidated count. When the count-footnotes checkbox is dimmed, even counsel who are aware that the brief contains footnotes may suppose that the software included these automatically.
 
 
 4
 Current versions of Corel WordPerfect (for both Windows and Macintosh platforms) do not have this problem. WordPerfect does what lawyers may suppose that Word does (or should do): it automatically includes footnotes in its word and character counts. If no text is selected, the word count feature includes all words anywhere in the document; if text is selected, then WordPerfect includes words in footnotes that are attached to the selected text. We have not tested other programs, because the vast majority of briefs filed with the court are prepared using either Word or WordPerfect, but law firms that use other programs must find out how their software treats footnotes attached to selected text.
 
 
 5
 Lawyers who produce their documents with WordPerfect software have an easy job of things under Rule 32. They select the "countable" portions of the brief, and the program tells them how many words are in both text and footnotes. Lawyers who use Word, by contrast, must infer from the dimmed checkbox that footnotes have been omitted from the count. They must open a separate footnote window, select the footnotes attached to "countable" body text, and have the program count the words in these notes. Then they must add the text and footnote counts manually in order to determine compliance with Rule 32(a)(7).
 
 
 6
 Long-run solutions to this problem must come either from Microsoft Corporation-- which ought to make it possible to obtain a count of words in footnotes attached to selected text--or from the national rulemaking process. We will send copies of this opinion to those responsible for such design decisions. In the meantime, we will flag this issue in the court's Practitioner's Guide and in materials distributed to counsel when an appeal is docketed. Law firms should alert their staffs to the issue pending a resolution at the software level. Our clerk's office will spot-check briefs that have been prepared on Microsoft Word, are close to the word limit, and contain footnotes. Noncomplying briefs will be returned, and if the problem persists after there has been ample time for news to reach the bar we will consider what else needs to be done. (Counsel who use Word are not entitled to a litigating advantage over those who use WordPerfect.) For now, however, sanctions are inappropriate, and the order to show cause is discharged.