In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-3430

CATHLEEN R. SAMBRANO,

*Plaintiff-Appellant*,

*v.*

RAY MABUS, Secretary of the Navy,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 718—**Charles R. Norgle**, *Judge*.

SUBMITTED OCTOBER 5, 2011—DECIDED NOVEMBER 8, 2011

Before EASTERBROOK, *Chief Judge*, and MANION and
ROVNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Cathleen Sambrano filed
with the EEOC a charge accusing her employer, the
Department of the Navy, of discriminating on account
of race, sex, national origin, age, and disability. When
the employer is a federal agency, the EEOC can resolve
the grievance and not just mediate, its role for private
employment. The EEOC found that Sambrano's charge

is unsupported. Federal employees are entitled to a *de novo* decision by a federal court, see *Chandler v. Roudebush*, 425 U.S. 840 (1976), and Sambrano filed a complaint repeating the administrative allegations.

The district court set a discovery schedule. Nothing happened. The Navy did not need discovery, and Sambrano did not serve interrogatories or schedule any depositions. Instead, several months after the expiration of the time for discovery, Sambrano filed a motion for judgment on the pleadings. The motion asserted that discovery is unnecessary because the proceeding was an "appeal" from the EEOC's decision. That proposition is wrong; a suit is not an appeal. Although a federal employee can prevail when the administrative record itself contains all the necessary evidence, see 42 U.S.C. §2000e–16(c), which *Chandler* discusses, the EEOC had found that the evidence does not support Sambrano's contentions. Sambrano's lawyer did not contend that the EEOC misunderstood the evidence; indeed, his motion for judgment on the pleadings did not discuss the administrative record at all. Instead counsel asserted that the court should rule in Sambrano's favor because she was too ill to participate in discovery. The motion did not explain why evidence could not be gathered from other sources. By declining to present evidence, Sambrano's lawyer doomed his client's case.

The district judge denied the motion for judgment on the pleadings and likely supposed that Sambrano's lawyer (A. Jun Joaquin, Jr.) then would request a new opportunity to take discovery. But nothing happened. No

motions, no requests, just silence. After more than a year of inaction had elapsed, the district judge dismissed the case for want of prosecution, citing N.D. Ill. Rule 41.1. That spurred Sambrano's lawyer to action—but the action he took was preposterous. He filed an *ex parte* motion for relief from judgment. Counsel did not serve the motion on his adversary or explain why a secret motion was authorized. And lack of service was not an oversight: the document's caption reads: "EX PARTE MOTION TO VACATE DISMISSAL". The motion asserts that Local Rule 41.1 is unconstitutional but does not contain a legal argument in support of that dubious contention. (*Link v. Wabash R.R.*, 370 U.S. 626, 632–33 (1962), holds that the Constitution permits federal courts to dismiss dormant suits for failure to prosecute.) The district judge denied the motion under Local Rule 5.3 because Sambrano's lawyer deliberately failed to serve the defendant.

Counsel's next step was an appeal. He might have argued that the district judge acted precipitately. Although the judge waited more than a year after denying the motion for judgment on the pleadings, a court ordinarily should warn the litigant that inaction puts the suit in jeopardy. *Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008); *Ball v. Chicago*, 2 F.3d 752, 760 (7th Cir. 1993). The district judge did not issue such a warning. Yet Sambrano does not rely on this principle or contend that the judge abused his discretion. Instead the brief maintains that Local Rule 41.1 violates the fifth amendment's due process clause. At least we think that this is the brief's argument. It is almost unintelligible.

Here is the brief's entire summary of argument:

   1) Property interest in employment.

   2) Due process of law.

   3) Motion for judgment on the pleadings under
      FRCP Rule 12c.

That isn't a summary of argument or even the conclusion of an argument. The "argument" section of the brief, which runs one and a half pages, is little better; it contains a few platitudes but does not attempt to show how the district judge erred. And here's the brief's statement of the standard of review: "The constitutionality or propriety of the District Court's Local Rule 41.1 insofar as it relates to appellant's right to due process under the 5th Amendment to the U.S. Constitution." That *might* be an effort to frame an issue for appellate review, but it has nothing to do with the standard of review. (Since Sambrano appears to be making a strictly legal argument, the court of appeals makes an independent decision, usually called *de novo* review.)

The remainder of the brief is similarly wretched. For example, the statement of appellate jurisdiction is incoherent. It invokes Circuit Rule 28(a)(3)(ii), which is not a source of appellate jurisdiction, and the *Cohen* collateral-order doctrine, even though the district court entered a final decision ending the suit. Counsel also violated Circuit Rules 30(a) and (d). Rule 30(a) requires the appellant to include, "bound with the main brief, an appendix containing the judgment or order under review and any opinion, memorandum of decision" or

other equivalent statement of reasons. Rule 30(d) requires counsel to certify compliance with Rule 30(a). (The clerk's office cannot tell whether the appendix contains all the necessary materials; the court uses the certificate under Rule 30(d) to ascertain whether counsel is familiar with this rule, and if the certificate is in proper form the court accepts the brief without independent inquiry into compliance with Rule 30(a).) Joaquin included a Rule 30(d) certificate, but it is false. The district court filed two short memoranda explaining its decisions (first to dismiss, and then to deny the motion to vacate the dismissal). Neither of these explanations is in the appendix—though Joaquin did put in several documents, such as his "EX PARTE MOTION TO VACATE DISMISSAL" and a post-decision affidavit by his client that Rule 30 neither requires nor allows in the appendix to the brief.

This appeal is frivolous. It bypasses the only possible argument (that the district judge abused his discretion by dismissing the suit without first warning Joaquin about the risks of procrastination) while advancing an argument with no prospect of success (that Local Rule 41.1 is unconstitutional, a contention unsupported by argument or any attempt to address *Link*). The Navy's brief as appellee points this out and adds that Joaquin did not preserve his argument in the district court. (Recall that the judge struck the post-judgment motion, rather than addressing its merits, because Joaquin had failed to serve the adverse party.) Joaquin then bypassed his opportunity to file a reply brief and, a few days before the date set for oral argument, filed a motion to waive

argument. We granted that motion, because there was no reason to compel the Navy's lawyer to waste any more time, but if Joaquin thought that the maneuver would lead the court to overlook his sorry performance—in the district court as well as this court—he was mistaken.

A violation of Circuit Rule 30 is sanctionable. See, e.g., *Mortell v. Mortell Co.*, 887 F.2d 1322, 1326–27 (7th Cir. 1989); *Urso v. United States*, 72 F.3d 59, 61–62 (7th Cir. 1995). So is the pursuit of a frivolous appeal. *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938–40 (7th Cir. 1989) (en banc). Sanctions such as orders to pay the other side's attorneys' fees may redress injuries done to put-upon adversaries, but they do not redress injuries a lawyer may have done to his own client. We have no idea whether Sambrano had a good claim against the Navy—but we do know that, if she had, Joaquin massacred it.

His conduct in this case implies that Joaquin is not competent to protect the interests of litigants in the federal courts. In other recent cases we have ordered lawyers whose ineptitude injured (or may have injured) their own clients to show cause why they should not be suspended from practice or disbarred. See, e.g., *Lee v. Chicago*, 635 F.3d 969 (7th Cir. 2011); *United States v. Clark*, 2011 U.S. App. LEXIS 19032 (7th Cir. Sept. 15, 2011); *Stanard v. Nygren*, 2011 U.S. App. LEXIS 19213 (7th Cir. Sept. 19, 2011). That step is appropriate here too. Judges are better able than clients to separate competent from bungling attorneys, and we have a duty to ensure the mainte-

nance of professional standards by members of our bar. We therefore give Joaquin 21 days to show cause why he should not be subject to monetary sanctions for filing a frivolous appeal and violating Circuit Rule 30, and why he should not be censured, suspended, or disbarred on account of his apparent inability to practice competently and diligently in the federal courts. See Fed. R. App. P. 38, 46.

The judgment is affirmed. An order to show cause is issued.