In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 16-3601

DARIUSZ JAWORSKI,
BOGUSLAW MOSKAL, and
RYSZARD BESTER,

*Plaintiffs-Appellees,*

*v.*

MASTER HAND CONTRACTORS, INC., *et al.*,

*Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 07255 — **John J. Tharp, Jr.**, *Judge.*

_____

ARGUED OCTOBER 31, 2017 — DECIDED FEBRUARY 15, 2018

_____

Before WOOD, *Chief Judge*, and EASTERBROOK and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Dariusz Jaworski, Boguslaw Moskal, and Ryszard Bester were never paid for construction services they performed for Master Hand Contractors, Inc. They filed this lawsuit to force Master Hand to pay up. The district court sided with the plaintiffs through two partial summary

judgments and a bench trial. Liability in the neighborhood of $340,000 now hangs over Master Hand's head.

This appeal asks us to review certain elements of the judge's various rulings. We decline to do so. Master Hand inexplicably failed to submit critical district-court opinions with its opening brief. This is a flagrant violation of Circuit Rule 30 that we cannot overlook. Accordingly, we summarily affirm the judgment as a sanction.

This remedy alone does not make things right. Master Hand's appeal is patently frivolous. Its arguments, once deciphered, are nothing more than naked assertions. And they fail on their face. Jaworski and his coappellees should not have been made to defend against such an appeal. As an additional sanction, we order Master Hand to pay their attorneys' fees and costs.

## I. Background

There are seven parties in this case, but we simplify things as follows: The defendants ("Master Hand") are general contractors in Illinois. The plaintiffs ("Jaworski") provided electrical, mechanical, and other construction services to Master Hand over several years. Some of these services went unpaid, so Jaworski filed suit in federal court. Specifically, he alleged that Master Hand violated the federal Fair Labor Standards Act and three state laws: the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and the Employee Classification Act. Jaworski sought backpay, punitive damages, and attorneys' fees.

This appeal centers almost entirely on the claim under the Employee Classification Act, which makes it unlawful for contractors (i.e., construction firms) to misclassify an

employee as an independent contractor. 820 ILL. COMP. STAT. § 185/20. Unlike the two other state labor laws, the Classification Act presumes that the complainant is an employee unless the contractor can prove otherwise. *See id.* § 185/10(b). If the contractor cannot meet its burden, the misclassified employee is entitled to double "the amount of any wages, salary, employment benefits, or other compensation denied or lost to the person *by reason of the violation*." *Id.* § 185/60(a)(1) (emphasis added).

Jaworski alleged that Master Hand misclassified him as an independent contractor and that he lost compensation as a result. Master Hand disagreed on both points, arguing that Jaworski could not have been its employee because he was engaged in an independently established trade. But even if Jaworski were an employee, Master Hand asserted, he still could not prevail on a claim under the Classification Act. Jaworski did not miss out on compensation "by reason of the [classification] violation," *id.*, but rather because Master Hand simply ran out of money to pay him. The well ran dry, so to speak.

These arguments were resolved below in three phases. In the first order granting partial summary judgment, the district judge held that Master Hand had misclassified Jaworski as an independent contractor in violation of the Act. In the second order, the judge grappled with what precisely to do about it. The Act allows employees to collect compensation lost by virtue of their misclassification, but nowhere does it lay out what compensation an employee is actually owed. The judge ultimately concluded that a claimant under the Act is entitled to the compensation guaranteed by the Illinois Minimum Wage Law and the Illinois Wage

Payment and Collection Act but without having to prove that he is an employee for the purpose of those statutes. This is important because unlike the Classification Act, the two wage-payment statutes do not grant plaintiffs a starting presumption that they are employees. *See id.* §§ 105/3(c)–(d), 115/2.

The case then proceeded to a bench trial on the remaining issues, and the judge ruled for Jaworski on all counts. He found that Master Hand violated the Fair Labor Standards Act and the two state wage-payment laws in addition to the violation of the Classification Act. The judge also rejected Master Hand's defense of nonpayment by reason of insolvency. He then ordered Master Hand to pay nearly $200,000 in damages for all four of its statutory violations, plus more than $150,000 in attorneys' fees.

Master Hand appealed, arguing that the judge made certain factual and legal errors regarding the Classification Act claim. Specifically, Master Hand challenges the judge's misclassification determination, his decision to allow damages for the Classification Act violation in accordance with the two wage-payment statutes, and his rejection of its insolvency defense.

## II. Discussion

The purpose of an appeal is to evaluate the reasoning and result reached by the district court. But we cannot do this job "if the written orders and transcript pages containing the appealed decisions are not before us." *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 226 (7th Cir. 1996). This is the rationale for Circuit Rule 30. It first requires appellants to append to their opening briefs the judgment under review and its adjoining

findings of facts and conclusions of law. 7TH CIR. R. 30(a). It then commands appellants to provide any other opinions or orders that address the issues raised on appeal. *Id.* R. 30(b)(1). Finally, it instructs appellants to certify compliance with these requirements. *Id.* R. 30(d). These are not hard rules to follow. Indeed, we have explicitly noted that there is very little ambiguity in what these rules ask of appellants. *See Pabst Brewing Co. v. Corrao*, 161 F.3d 434, 437 n.1 (7th Cir. 1998).

Nonetheless, violations continue. We do not take them lightly. "Failure to supply necessary documents goes to the heart of this court's decision-making process." *Hill*, 90 F.3d at 226. We therefore "insist on meticulous compliance with rules sensibly designed to make appellate briefs as valuable an aid to the decisional process as they can be." *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1224 (7th Cir. 1995). When these rules are violated, sanctions are appropriate. *Sambrano v. Mabus*, 663 F.3d 879, 881–82 (7th Cir. 2011). Summary affirmance is among the constellation of available remedies. *See, e.g., Mortell v. Mortell Co.*, 887 F.2d 1322, 1327 (7th Cir. 1989).

This case calls for such a sanction. Master Hand's disregard of Rule 30 is blatant and unjustified. Its own notice of appeal states that it is appealing from the district court's posttrial judgment, but nowhere does it provide the judge's findings of facts and conclusions of law. This violates Rule 30(a). Moreover, two of Master Hand's three arguments ask us to review orders that were not provided to us. Master Hand challenges the misclassification determination in the judge's first partial summary-judgment ruling, but that order was not included with its opening brief. Master Hand

also challenges the judge's posttrial rejection of its nonpayment defense, but again, that decision was never sent our way. Both of these shortcomings violate Rule 30(b).

On top of all this, we also have a certification violation. Master Hand certified that it had given us all lower-court opinions necessary to adjudicate this appeal. That is false. Misrepresentations to this court are unacceptable, and this is particularly true here. The clerk's office would not have accepted Master Hand's brief without a Rule 30(d) certification, so the company's lawyers had to take notice of the rule. Yet Master Hand failed to comply. Nowhere has it explained why. Accordingly, we summarily affirm the district court.

But we can't quite stop there. Jaworski moved for sanctions against Master Hand under Rule 38 of the Federal Rules of Appellate Procedure, which authorizes us to award "just damages and single or double costs" if the appeal is frivolous and Master Hand has had a "reasonable opportunity to respond" to Jaworski's motion. FED. R. APP. P. 38. The latter condition is plainly satisfied. Jaworski filed his motion on August 11, 2017, and Master Hand has never replied. That leaves frivolousness as our primary consideration.

An appeal is frivolous if "the arguments made are merely cursory," *Duff v. Cent. Sleep Diagnostics, LLC*, 801 F.3d 833, 844 (7th Cir. 2015); if they are "wholly undeveloped," *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 566 (7th Cir. 2011); or if they simply "re-assert" a previously rejected version of the facts, *In re Generes*, 69 F.3d 821, 828 (7th Cir. 1995). An appeal is also frivolous if it "rehashes positions that the district court properly rejected, or when it presents arguments that are lacking in substance and foreordained to lose." *Berwick*

*Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000) (citations and quotation marks omitted). All of these characterizations aptly describe the three arguments Master Hand raised in this appeal.

Master Hand first argues that Jaworski could not have been an employee under the Classification Act because he was engaged in "an independently established trade, occupation, profession, or business." Master Hand assures us that the record contains "numerous examples of [Jaworski] engaging in such activities." But the brief stops there. It does not identify a single piece of evidence to back up the assertion. Master Hand cannot expect us to overturn a district court's ruling on so slender a reed. It is not our duty "to scour the record in search of evidence." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

And even if we were inclined to consider Master Hand's argument despite the failure to provide citations to the record, it fails as a matter of law. To establish that a plaintiff is not an employee under the Classification Act, a contractor must make *three* separate showings. *See* 820 ILL. COMP. STAT. § 185/10(b). That an individual "is engaged in an independently established trade, occupation, profession or business" is only one of them. *Id.* § 185/10(b)(3). A contractor must also demonstrate that the putative employee was "free from control or direction over the performance of the service for the contractor" and that "the service performed by the individual is outside the usual course of services performed by the contractor." *Id.* § 185/10(b)(1)–(2). Master Hand does not even mention these requirements, let alone establish that they are satisfied. Such a porous argument is destined to lose right out of the gate.

Master Hand next claims that the judge incorrectly determined that Classification Act claimants need not establish that they are employees under the two wage-payment laws in order to recover the compensation guaranteed by those statutes. Perhaps this argument would have borne fruit with more competent representation. Here, however, Master Hand has absolutely nothing else to say beyond stating its bald conclusion. The company does not grapple with a single point made by the district judge, nor does it cite any of the relevant statutory text or regulatory guidance. Calling such an argument "cursory" might give it too much credit.

But again, even if we accepted Master Hand's position, it still wouldn't change anything. In his posttrial order, the judge expressly found that Jaworski was an employee under the standards set by both wage-payment laws. So it simply doesn't matter whether the judge correctly determined how these three Illinois labor laws fit together. The judge found three independent state-law violations and thus did not rely on the Classification Act as an exclusive route to liability under either or both of the state wage-payment laws.

Master Hand's final argument is that Jaworski has not stated a Classification Act claim because he has not demonstrated that he lost compensation "by reason of the [Classification Act] violation." *Id.* § 185/60(a)(1). Master Hand continues to insist that it didn't pay what it owed simply because it ran out of money. This argument is puzzling. Nowhere does the Classification Act establish that motivation for nonpayment is relevant to determining liability. It also certainly cannot be true that mere insolvency discharges an employer's obligations under wage-and-hour laws. Insofar

as Master Hand is arguing either or both points, its position is frivolous.

Given the emptiness of Master Hand's arguments, this is an appropriate case for Rule 38 sanctions. Master Hand is ordered to pay appellees' costs and attorneys' fees incurred in this appeal. Appellees shall provide an accounting of their costs and attorneys' fees within 15 days.

AFFIRMED WITH SANCTIONS.