In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-1806

B.G., by his next friend, J.A.G.,

*Plaintiffs-Appellants*,

*v.*

BOARD OF EDUCATION OF THE CITY OF CHICAGO, *et al.*,

*Defendants-Appellees*.

———————————

On Order to Show Cause

———————————

DECIDED OCTOBER 12, 2018

———————————

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges*.

PER CURIAM. This case was resolved on the merits last August. Our opinion left open the appropriate disposition of an attorney-discipline proceeding that the court had begun before the appeal was argued.

Lee Ann Lowder, representing the defendants-appellees, filed her brief on March 30, 2018, a week late. One day after her brief was due, she had sought and received a fifth extension of time to file, even though Circuit Rule 26 requires all

requests for extensions to be filed at least seven days before the brief is due.

Counsel for plaintiffs noticed that the appendix to Lowder's brief contained material that should have been redacted to comply with an earlier judicial order and asked us to replace defendants' appendix with the plaintiffs' version. On April 6 we granted Lowder's motion to file a corrected appendix; the order directed her to "file by April 11, 2018, a new electronic version of [defendants'] brief that includes the fully-redacted appendix".

Lowder complied with that order to the extent of making essential redactions. But her revised filing also made substantial changes in the body of the brief, altering propositions of both fact and law. Counsel for plaintiffs, who had been preparing a reply brief, noticed these changes and asked for an extension of time to address them. On April 16 this court extended plaintiffs' time but also ordered Lowder to file still another brief that would eliminate the substantive and wording changes of the April 11 filing:

> The court directed appellees to submit a version of the brief including redactions in the appendix. It did not direct, invite, or permit any other changes. Most lawyers think that they can improve on their filings, but that does not permit the submission of successive, revised briefs. Cf. *Khan v. Midwestern University*, 879 F.3d 838, 846–47 (7th Cir. 2018). … [Lowder] must immediately file a new brief, identical to the original, making only the changes required to redact information in the appendix.

*Khan*, which this order cited, observed that briefs must not be moving targets: both the judges and opposing counsel rely on their ability to treat the filed version of a brief as definitive. *Khan* expressed particular concern about differences be-

tween the paper and electronic versions of a brief, but its discussion applies to all changes.

Lowder filed another brief the same day, representing that it was identical to the version of March 30 except for the redactions. Counsel for plaintiffs went back to work on the reply brief and discovered that, yet again, changes had been made. The April 16 version did not match *either* the version of March 30 or the one of April 11. Lowder replied that the changes had been accidental and asked the court to permit her to re-file the March 30 version with handwritten interlineations that would have made the printed brief different from the electronic version (and different from the March 30 version too). We entered this order on April 20:

> The version of appellees' brief filed on April 16, 2018, is stricken.
>
> Failure to follow orders of this court must have consequences. Lee Ann Lowder has 14 days to show cause why she should not be subject to professional discipline, including an order to pay any additional costs that appellants have incurred as a result of appellees' repeated alterations of a brief that should not have changed (other than to redact the appendix) since March 30, 2018. The response is due in 14 days.
>
> Appellees must immediately refile the March 30 version of the brief with no changes (other than the redactions in the appendix). The request to make handwritten changes in the body of the brief is denied. Many members of this court work from the electronic copy, and as the opinion in *Khan* (cited in the court's April 16 order) observes, the printed and electronic copies must be identical. The court does not comprehend how, after *Khan* has been cited, counsel can immediately propose a deviation from its requirements.
>
> Appellants' time to file a reply brief is extended to April 24, 2018.
>
> If anything further goes wrong in appellees' performance [of their] obligations, the brief will be stricken without leave to file a

> replacement, and appellees will not be allowed to participate in oral argument. See Fed. R. App. P. 31(c).

The version filed in response to this order at last matched the March 30 version, with redactions. We must now select the appropriate response to these events.

Lowder's response to the order to show cause asserts that she interpreted the grant of five days to make the redactions (the order of April 6 gave her until April 11) as implying permission to make other changes too. She does not cite any authority for that belief. Neither the order of April 6, nor anything in the circuit's rules (or the circuit's *Practitioner's Handbook for Appeals*), says or implies any such thing. Lowder does not tell us that she did any research before coming to the conclusion that she was free to revise the brief. We accept her assertion that she believed that she could do so, but errors made with an empty head are hard to excuse.

Lowder blames the second error on infelicitous naming of files on her computer. She tells us that in response to the order of April 16 she printed and filed a document that she had titled "final appellee". She did not check date stamps to determine whether this was indeed the brief that had been tendered on March 30 (it wasn't), nor did she compare the "final appellee" version with the document filed on March 30. As our order of April 20 observed, this was inexcusable. Making an error once is bad; making it twice in a row—and in the teeth of the warning in *Khan* that everyone needs to be able to work from the same version of a document—is unfathomable. It would have been easy to run a word-processing program's comparison feature to ensure that the version labeled "final appellee" on Lowder's computer was

identical to the March 30 version. Her response to our order does not explain why she failed to take that precaution.

*Khan* informed the bar that paper and electronic versions of briefs must be identical. It is likewise vital that a filed version of a brief remain stable. Lowder's errors forced counsel for the other side to read, reread, and re-reread, and to make changes in the draft reply brief. They have compelled this court to enter multiple orders in an effort to bring stability to the submissions under consideration. The delay in filing the brief, and the errors in the appendix, also have wasted the time of the court, its staff, and Lowder's adversary.

Having said this, however, we recognize that neither the *Practitioner's Handbook* nor the circuit's rules expressly provide that briefs must remain unchanged after filing, except to the extent allowed by a judicial order. *Khan* says this—and we repeat it today—but Lowder was unaware of *Khan* before making her first wave of changes and apparently did not read *Khan* even after it was called to her attention. The problems exemplified in this appeal and *Khan* must not occur again. Under the circumstances, however, we think the appropriate response to Lowder's errors is a public reprimand rather than anything more serious.

Lee Ann Lowder is reprimanded for exercising insufficient care in preparing and revising the brief she filed in this appeal. The disciplinary proceeding is closed.