In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 18-1517

JAY F. VERMILLION,

*Plaintiff-Appellant,*

*v.*

CORIZON HEALTH, INC., PAUL TALBOT, and RUBY BEENY,

*Defendants-Appellees.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-01723-JMS-DLP — **Jane E. Magnus-Stinson**, *Chief Judge.*

———————

SUBMITTED OCTOBER 19, 2018 — DECIDED OCTOBER 24, 2018

———————

EASTERBROOK, *Circuit Judge*, in chambers. This case came to my attention, as motions judge, when the appellees sought permission to file a brief containing more words than the 14,000 permitted by Fed. R. App. P. 32(a)(7) and Circuit Rule 32(c). Jay Vermillion, the appellant, represented that his brief contains fewer than 14,000 words, after excluding the portions not counted by Rule 32(f). But appellees reported that their count of his brief came to 16,850 words. They sought parity and then some: 17,258 countable words for their brief.

This court's staff checked and found 16,522 countable words in Vermillion's brief. Instead of adding words to appellees' brief, I struck Vermillion's, ordered him to file a new brief with fewer than 14,000 words, and directed him to explain why he should not be penalized for falsely representing that his original brief complied with the word limits.

Vermillion's response asks me to reinstate his brief. He says that he started with a word count of 15,315, reported by the "Properties" panel in Microsoft Word, and subtracted the words in the cover, table of authorities, and other portions that do not count against the total. Finding that the count remained over 14,000, "Vermillion then discovered that Rule 32(f) does not specifically include the [brief's] references to the Record and Appendix toward the word-count" (Response at 6). He estimated that about 2,000 words in his brief cited the record and appendix. With these excluded, the count is well under 14,000 words. So, he insists, his brief complies with the rules and must be accepted.

Two problems dog this line of argument.

First, the "Properties" panel in Microsoft Word is not designed to count all words in a document. The program's "Word Count" panel includes footnotes, which the "Properties" panel omits. Footnotes count toward the word limit, see *DeSilva v. DiLeonardi*, 185 F.3d 815 (7th Cir. 1999), and Vermillion's brief contains about 1,000 words in footnotes. There may be other differences between the "Properties" panel and the "Word Count" panel, but this one big difference shows why the count must start with the "Word Count" panel.

Second, the fact that Rule 32 does not "specifically include" any category of words does not imply that they don't

count toward the limit. Rule 32(f) does not mention citations to the record or appendix, but neither does it mention citations to judicial decisions and law reviews. Rule 32(a)(7) sets a limit on the entire brief—statements of fact, summaries of the district court's or agency's opinions, substantive legal arguments, citations, quotations, footnotes, and everything else—with the exception of the items excluded by Rule 32(f), which reads:

> In computing any length limit, headings, footnotes, and quotations count toward the limit but the following items do not:
>
> - the cover page;
> - a corporate disclosure statement;
> - a table of contents;
> - a table of citations;
> - a statement regarding oral argument;
> - an addendum containing statutes, rules, or regulations;
> - certificates of counsel;
> - the signature block;
> - the proof of service; and
> - any item specifically excluded by these rules or by local rule.

So the fact that Rule 32(f) does not mention citations hardly justifies their exclusion from the word count. Only those matters that *are* mentioned in Rule 32(f)'s list are excluded. Everything else counts. (Neither the Rules of Appellate Procedure nor the Circuit Rules "specifically" excludes citations of any kind.)

Because Vermillion's brief did not comply with the rules, my order striking it stands. He must file a new brief with fewer than 14,000 countable words. The count must start with the software's "Word Count" panel and include footnotes. Only those items listed in Rule 32(f) may be excluded.

Once Vermillion has filed a complying brief, appellees too will be subject to the 14,000 word limit. I will not allow them any more words than Vermillion receives. Circuit Rule 32(c), which affords everyone 1,000 more words than the cap in Rule 32(a)(7), reflects a view that 14,000 suffices for all but the rare cases with lengthy trials, complex administrative records, or multiple complex issues. This appeal is not in any of those categories.

Vermillion is litigating without the aid of counsel, and his response to my order shows that he tried to comply in good faith, although he misunderstood both Rule 32(f) and the right place to start in Microsoft Word. No sanction—beyond the work needed to prepare and file a compliant brief—is appropriate. The order to show cause is discharged.

By separate order, the court will reset the dates for both sides' briefs.