NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 17, 2020[*]
Decided August 28, 2020

Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 19-2617 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| VLADIMIR M. GOROKHOVSKY and IGOR KAIUROV, *Plaintiffs-Appellants,* | |
| *v.* | No. 19-CV-453-JPS J.P. Stadtmueller, *Judge.* |
| ELEANORA STEFANTSOVA, *Defendant-Appellee.* | |

**Order**

Vladimir Gorokhovsky and Igor Kaiurov ask us to review the district court's dismissal of their case and the denial of their motion for sanctions against the defendant. We decline to do so. In this court, Gorokhovsky (purporting to represent Kaiurov as well as himself) filed multiple false certifications and failed to furnish required documents.

---

[*] Appellee did not file a brief and ignored three orders to show cause. We have decided to resolve the case without argument in light of the considerations discussed in the text. See Fed. R. App. P. 34(a).

And Gorokhovsky, an attorney, submitted documents so marginally competent that they raise concerns about his ability to represent others. We affirm the district court's judgment without addressing the merits, and we direct Gorokhovsky to show cause why he should not be further sanctioned.

Gorokhovsky and Kaiurov brought this action in the Eastern District of Wisconsin, alleging that the defendant, a Russian citizen who resides in New York, defamed and defrauded them when she lived in China years ago. Concluding that the defendant lacked the required minimum contacts with Wisconsin, the district court dismissed the case for lack of personal jurisdiction. It then denied plaintiffs' motion for sanctions against defendant under Fed. R. Civ. P. 11.

Gorokhovsky and Kaiurov appealed, but myriad problems marred their filings. Three times, Gorokhovsky was ordered to amend his docketing statement because he failed to supply adequate information about his own citizenship and that of the other parties, despite claiming federal jurisdiction in part based on diversity. It then took four tries and multiple extensions to file a brief that the clerk's office would accept.

Although the clerk's office ultimately accepted appellants' brief and separate appendix, many of the certifications included in the brief are false. First, Gorokhovsky certified that the brief satisfies the safe harbor in Fed. R. App. P. 32(a)(7), (g), which is available to briefs of 30 pages or fewer. But that certification was false because eight pages that count toward the limit are unnumbered in the paper copies of the brief, and Gorokhovsky ignored the unnumbered pages when certifying that the brief comes within the safe harbor. See Rule 32(f) (enumerating sections of appellate brief that are excluded from page limit); see also *Vermillion v. Corizon Health, Inc.*, 906 F.3d 696, 697 (7th Cir. 2018) ("Only those matters … mentioned in  Rule 32(f)'s list are excluded [from an appellate brief's page count]. Everything else counts."). Leaving pages unnumbered deceived the clerk's office, which apparently looked only at the number on the last page. Gorokhovsky is an experienced lawyer with no excuse for engaging in trickery by filing a document with unnumbered pages; this egregious behavior deserves a penalty. See *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 690  (7th Cir. 2018).

Gorokhovsky also falsely certified compliance with Circuit Rule 30(a), which requires a brief to include a short appendix containing the judgment or order under review, plus a copy of the district court's opinion. The clerk's office does not check whether an appendix complies with Rule 30(a). Instead it relies on counsel's honesty. If the certificate is in its proper form, this court accepts the brief "without independent inquiry into compliance with Rule 30(a)." *Sambrano v. Mabus*, 663 F.3d 879, 881 (7th Cir. 2011). Gorokhovsky certified that the paper briefs contained the short appendix and,

indeed, some of the briefs they filed had one. Those were rejected on other grounds, however, and most copies of the brief finally accepted lacked an appendix (though they still bore the certification). That, too, is grounds for dismissal or summary affirmance. See, e.g., *Snipes v. Illinois Department of Corrections*, 291 F.3d 460, 464 (7th Cir. 2002).

There was another serious problem: appellants' paper briefs differ from those filed electronically. Though Gorokhovsky certified that the text of the electronic copy of the brief is "identical" to the paper copy, there are alterations in the footnotes, the formatting (including the pagination), and the dates in some of the certifications. Any difference between electronic and paper versions is forbidden. See, e.g., *Khan v. Midwestern University*, 879 F.3d 838 (7th Cir. 2018); *B.G. v. Chicago Board of Education*, 906 F.3d 632 (7th Cir. 2018). This false certification, like the others, is grounds for dismissing the appeal or summarily affirming the district court. See, e.g., *Jaworski*, 882 F.3d at 690 (summary affirmance when certification was a misrepresentation).

The substance of Gorokhovsky's filings in the district court and on appeal is similarly wretched. In the district court he proffered, as evidence, email correspondence protected by attorney-client privilege, with no indication of a waiver by his former client. The district court said it would not consider the evidence, but Gorokhovsky attached it again to his motion to sanction the defendant. And apart from the multiple failures to provide a rule-compliant document, Gorokhovsky did not supply what this court expects from a practitioner. The brief raises frivolous arguments (for example, that Wisconsin has general personal jurisdiction over the defendant, a Russian citizen who has never set foot in or done business in the state); presses a civil RICO claim though the complaint contains not a whiff of any "enterprise" or racketeering activity, see 18 U.S.C. §1962(c); fails to include a single argument on behalf of Kaiurov; and contains countless typographical, spelling, and grammatical errors.

Gorokhovsky's incompetent and dishonest conduct on his own behalf implies that he is not an appropriate person to protect the interests of clients. In other cases, we have ordered lawyers whose ineptitude may have injured their clients to show cause why they should not be suspended from practice or disbarred. See Fed. R. App. P. 46; see also, e.g., *B.G.*, 906 F.3d at 633–34; *Sambrano*, 663 F.3d at 882.

But Gorokhovsky is not a member of our bar and therefore cannot be disciplined under Rule 46. He applied for admission in 2016, but his application was denied in light of his disciplinary history, which includes a suspension for fraud and other conduct that the Supreme Court of Wisconsin characterized as criminal. *In re Gorokhovsky*, 2013 WI 100 (Dec. 17, 2013). Although Gorokhovsky is not a member of our bar, he purports to represent Kaiurov and thus has engaged in the unauthorized practice of law.

Gorokhovsky is a member of the bar of the Eastern District of Wisconsin and the General Bar (but not the Trial Bar) of the Northern District of Illinois. We are sending copies of this order to those courts, as well as the State Bar of Wisconsin, so that they can consider whether he is fit to represent the interests of clients.

Although we cannot discipline Gorokhovsky under Rule 46, we can impose penalties under Fed. R. App. P. 38. We give Gorokhovsky 14 days to show cause, if he has any, why he should not be subject to public censure, fines, and other penalties.

We strike appellants' brief for failure to comply with the national and circuit rules and sanction both appellants with summary affirmance of the judgment. We also direct Gorokhovsky to show cause why he should not be further penalized.