**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 20, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1074

| | |
|---|---|
| ANTOINE BORDELAIS, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cv-04697 |
| VALERIE BORDELAIS, <br> *Defendant-Appellee*. | Robert W. Gettleman, <br> *Judge*. |

**O R D E R**

Antoine Bordelais, a French citizen, seeks the return of his child under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89. Since his ex-wife, Valerie, an American citizen, took their child from Switzerland to Illinois in 2016, Antoine has sued her at least seven times for the child's return. *See In re Antoine Bordelais*, 20 C 4165 (N.D. Ill. July 20, 2020). The district court dismissed the case for lack of jurisdiction. We affirm.

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

In 2016, in the midst of contentious divorce and custody proceedings in Swiss court, Valerie took the couple's then-13-year-old child to visit her parents in Illinois. They did not return. Antoine petitioned in Illinois state court for divorce and for return of the child under the Hague Convention. The Convention has been implemented in the United States through the International Child Abduction Remedies Act, 22 U.S.C. § 9001. Valerie counterclaimed, alleging that she had sole custody of the child and that removal would place the child in grave danger. *See* Hague Convention, art. 13.

In 2017, dissatisfied with the pace of the state court proceedings, Antoine filed a similar version of his state court petition in federal court. Valerie moved to dismiss the petition or stay the proceedings under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–14 (1976), on grounds that Antoine's suit duplicated his ongoing state court litigation. The district court agreed that the state and federal actions were parallel and stayed the suit.

Antoine, arguing that he had withdrawn his state-court petition and that the case was closed, moved to lift the stay in 2018. Valerie disagreed with his characterization about the status of the state-court proceedings and insisted that disputes over their daughter were still being adjudicated. The court denied Antoine's motion.

In 2019, Antoine requested emergency "protective measures" under Article 7 of the Hague Convention to prevent what he believed was a real possibility that Valerie would take the child to Mexico, where she had relatives. The district court denied this request as inconsistent with its stay order.

In November 2019, the child turned 16, and Valerie moved to dismiss the suit on grounds that the Hague Convention does not apply to children over 16. The district court held a hearing the following month and granted Valerie's motion. No transcript appears to have been made of the hearing but, in a minute entry, the court stated that it was granting the motion "[f]or the reasons stated in the record." The court added that it also denied Antoine's oral motion to amend his complaint, as well as his motion to proceed on appeal in forma pauperis.

Antoine then filed a notice of appeal.

Three months later, Valerie moved to dismiss the appeal for lack of jurisdiction. She argued that the Hague Convention no longer supplied the basis for federal jurisdiction because their daughter, upon reaching the age of 16, had aged out of the

Convention, and the case was now moot. Antoine responded that the Convention continues to apply in Illinois until a child turns 18. We ordered that Valerie's motion be taken with the case. Further briefing followed.

Antoine has given us no reason to conclude that the district court erred in concluding that the case is moot. He does not dispute that the child turned 16 in 2019. The Convention, by its terms, "shall cease to apply when the child attains the age of 16 years." *See* Hague Convention, art. 4. As the State Department has opined, "[e]ven if a child is under sixteen at the time of the wrongful removal or retention as well as when the Convention is invoked, the Convention ceases to apply when the child reaches sixteen." U.S. Dep't of State, Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg. 10,494, 10,504 (Mar. 26, 1986), *quoted in Custodio v. Samillan*, 842 F.3d 1084, 1088 (8th Cir. 2016) (dismissing as moot the appeal of denial of Hague Convention petition where child turned sixteen during pendency of proceedings).

In any event, we are unable to meaningfully review this ruling of the district court or the other rulings that Antoine challenges (e.g., regarding the denials of his requests to lift the stay, to amend his complaint, and to deny him in forma pauperis status on appeal) because he has not supplied the hearing transcripts that set forth the court's reasons for its decision. CIR. R. 10(b) & 30(b)(1); *see Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 690 (7th Cir. 2018); *United States v. Rogers*, 270 F.3d 1076, 1084 (7th Cir. 2001).

Finally, Valerie seeks sanctions against Antoine under Federal Rule of Appellate Procedure 38, arguing that the appeal is frivolous and meant only to harass and intimidate her. She urges us to view this appeal in the context of the fifteen suits since 2016 that Antoine has filed against her, her family, her employer, her lawyers, and her child's therapist. *See In re Antoine Bordelais*, 20 C 4165 (N.D. Ill. July 20, 2020) (Executive Committee order enjoining Antoine from filing any new civil action in district without first obtaining leave to file).

Sanctions are indeed warranted. Antoine has subjected Valerie's counsel to extra work to defend against his meritless arguments. *Allen-Noll v. Madison Area Tech. College*, 969 F.3d 343, 351 (7th Cir. 2020). He has also wasted this and other courts' time, and not just with this appeal; he has filed five other appeals from his suits against Valerie and her family. *See* Nos. 19-3281 (dismissed), 20-2586, 20-3373, 20-3374, 21-1106. And as has been noted, the Executive Committee of the Northern District has run out of patience

with his pattern of frivolous and duplicative filings. Accordingly, he is ordered to show cause within fourteen days why reasonable attorney's fees and costs should not be imposed. We also warn Antoine that further frivolous appeals will subject him to monetary fines and a possible bar order pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

AFFIRMED