**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021[*]
Decided April 28, 2021

*By the Court.*

No. 20-3158

| | |
|---|---|
| MARIO L. SIMS | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Northern District of Indiana, |
| | South Bend Division. |
| | |
| *v.* | No. 3:20-cv-125 DRL |
| | |
| BANK OF NEW YORK | Damon R. Leichty, |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Mario Sims agreed to pay John Tiffany for his home, but before he could finish the transaction, Tiffany defaulted on his home mortgage. When the Bank of New York foreclosed on that home, Sims filed for bankruptcy protection in order to stay the sale of Tiffany's home. But Sims was not a party to the mortgage, so the bankruptcy court lifted the stay and allowed the foreclosure. Sims appealed in district court, which denied relief. He now frivolously challenges several of the district court's rulings: he has either inadequately preserved those challenges or they lack any conceivable merit, so we affirm and impose a sanction.

Sims plotted to acquire Tiffany's home by promising to pay Tiffany more than Tiffany owed the Bank, expecting Tiffany to pay off his mortgage, and then after three

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

years Tiffany would turn over the home to Sims. But Tiffany defaulted on his mortgage, and the Bank sued to foreclose on the home. *See Sims v. New Penn Fin. LLC*, 906 F.3d 678 (7th Cir. 2018). Sims still wanted the home, so he sued Tiffany and, as relevant to this appeal, filed for his own bankruptcy protection. *See Sims v. Tiffany*, 31 N.E.3d 36 (Ind. Ct. App. 2015). Sims listed the Bank as one of his secured creditors, claiming that he owed the Bank money for the home. The Bank responded that Sims was not a party to Tiffany's mortgage (or any debt to the Bank) and lacked funds to pay the mortgage anyway, so it moved for relief from the stay. *See* 11 U.S.C. § 1322(a)(2). The Trustee, for its part, responded that Sims's claim that he owed the Bank money was untimely. In March 2019 the bankruptcy court rejected Sims's claim that he owed the Bank money, denied Sims's last-minute request to postpone a trial on the Bank's request to lift the stay, and after the trial lifted the stay on the foreclosure.

About one year later, Sims unsuccessfully appealed the bankruptcy court's rulings in district court. He challenged the rejection of his claim that he owed the Bank money, argued that the bankruptcy judge should have recused himself because of racial bias, and asserted that the bankruptcy court wrongly handled the trial on the request to lift the stay. The district court ruled that Sims's appeal of the ruling rejecting his claim was untimely. *See* FED. R. BANKR. P. 8002(a)(1) (providing 14 days to appeal). It also decided that Sims had already received the relief on recusal to which he was entitled, and that his challenge to the ruling regarding the trial on the Bank's request to lift the stay failed on the merits and because he did not order transcripts related to the trial. The district court later denied, as coming too late, Sims's post-judgment motion to submit transcripts, but it invited him to renew the request on appeal.

Sims appealed, but our review is limited. Sims never paid for the transcripts from the bankruptcy court's proceedings, and he never made them part of the district-court record. Normally, we would review the bankruptcy court's legal rulings de novo, and its findings of fact for clear error. *In re Chicago Mgmt. Consulting Grp., Inc.*, 929 F.3d 803, 809 (7th Cir. 2019). Without transcripts, however, we have no basis to review the bankruptcy court's fact-based rulings and therefore leave them intact. *See* CIR. R. 30(b)(1); *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 690 (7th Cir. 2018). We review the district court's legal rulings de novo. *In re Sterling*, 93 F.3d 828, 832 (7th Cir. 2019).

On appeal, Sims first contests the district court's refusal to disturb the bankruptcy court's ruling sustaining the Trustee's objection to his claim as untimely. But, as the district court rightly concluded, Sims's appeal of that ruling was itself

unquestionably time-barred because he appealed the ruling a year after the bankruptcy court entered it, far outside the 14-day deadline. *See In re Morse Elec. Co.*, 805 F.2d 262, 264 (7th Cir. 1986) (ruling on claim is appealable when entered); FED. R. BANKR. P. 8002(a)(1).

Next, Sims frivolously attacks the district judge's handling of the recusal issue that he raised in the bankruptcy court. Sims alleged racial bias and moved to recuse the bankruptcy judge from overseeing an adversary proceeding. In response, that judge recused himself from *all* of Sims's cases. A different bankruptcy judge then took over this case and entered all orders after Sims filed his motion. The district court thus properly ruled that this recusal under 28 U.S.C. § 455(a) obviated any need for further relief.

Sims's next two arguments, both unsuccessful, concern the trial on the Bank's request to lift the stay. He contends that the district court incorrectly relied on the lack of trial transcripts in declining to review that decision. But the bankruptcy court issued its ruling "for reasons stated in open court," *see* FED. R. BANKR. P. 8009(a)(4), and Sims's challenge depends on the factual basis of that ruling. As we explained above, Sims ignored his obligation to submit "all evidence relevant to that finding or conclusion," and has not offered an excuse for his failure. Therefore, as also stated above, review is impossible. *In re Chicago Mgmt. Consulting Grp., Inc.*, 929 F.3d at 808.

Sims next argues that the district court should have ruled that the bankruptcy court wrongly denied his motion to delay the trial date, a decision that we review for abuse of discretion. *See Rainey v. Taylor*, 941 F.3d 243, 250 (7th Cir. 2019). But there is no reasonable argument about abuse of discretion. Sims filed his motion just two days before trial, seeking more discovery. He already had received more than one year to conduct his discovery, and he did not explain why that timeframe was insufficient. *See id.* at 249–50 (upholding the denial of a continuance requested hours before trial given litigant's "evasive" and "dilatory" conduct during litigation). So the bankruptcy court's denial of the motion is unassailable.

We conclude with a matter of judicial administration. Sims has a prolific history of vexatious litigation, including nearly two dozen federal cases and nearly two hundred state court suits. As recounted in the rulings resolving some of these cases, Sims often raises spurious charges attacking the integrity of the judges and the judicial process. He repeats that practice here of making allegations without a good faith basis in the law or the facts. *See Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019)

("[S]anctions issued under the court's inherent powers are justified if the [litigant] willfully abuses the judicial process or litigates in bad faith."). Citing adverse rulings but nothing else, he levels accusations of racial bias against the bankruptcy court, district court, and this court. But "adverse rulings are not evidence of judicial bias." *Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017). Unfounded charges create frivolous litigation, which neither courts nor opposing parties should have to tolerate. It is "ground [for] sanctions and, if the offense recurs, an order closing the courthouse doors." *Homola v. McNamara*, 59 F.3d 647, 648 (7th Cir. 1995) (citing *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).

We therefore invite Bank of New York to submit an itemized and verified bill of costs and fees within 14 days of the entry of this order, to which Sims may object within 21 days of this order. FED. R. APP. P. 39. We further direct Sims, within 21 days of this order, to show cause why he should not be sanctioned with an order to pay any costs and fees that we deem reasonable, the non-payment of which will subject him to an order in accordance with *Mack* to return to him unfiled any papers that he presents for filing in a court of this circuit.

AFFIRMED